# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **BERT NEWBY and MONTEZ ADAMS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 3:14-01750** |
| ) | **Judge Sharp** |
| **TENNESSEE DEPARTMENT OF** ) | |
| **CORRECTION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation ("R & R") (Docket No. 119)

from the Magistrate Judge, recommending that Defendants' Motions to Dismiss (Docket Nos. 83

& 111) be granted and that this case be dismissed. Plaintiffs have filed objections to the R & R

(Docket No. 125).

Having conducted the *de novo* review required by Rule 72 of the Federal Rules of Civil

Procedure, the Court agrees that dismissal is warranted as to some Defendants and on some claims.

As to others, however, the Court finds that dismissal is unwarranted at this time.

## A. Claims Against State Defendants

It is clear that Plaintiffs' claims against the Tennessee Department of Corrections ("TDOC")

are subject to dismissal. "Section 1983 provides a federal forum to remedy many deprivations of

civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State

for alleged deprivations of civil liberties [because the] Eleventh Amendment bars such suits unless

the State has waived its immunity." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989).

Tennessee has not waived its immunity, and the immunity it possesses applies to it departments and

1

agencies, including "[TDOC] and the prisons under its control." Wingo v. Tenn. Dep't of Corr., 499

F. App'x 453, 454 (6th Cir. 2012).

It is also clear that claims for money damages against TDOC Commissioner Derrick

Schofield and Assistant Tony Parker in their official capacities are subject to dismissal. This is

because a Section 1983 "suit against a state official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office," Will, 491 U.S. at 71, and "employees of

TDOC, which is a department of the State of Tennessee, . . . stand in the shoes of the State of

Tennessee." McGowan v. Corizon Med., 2015 WL 5773590, at *4 (M.D. Tenn. Sept. 30, 2015).

See also, Burke v. Tenn. Dep't of Corr., 2015 WL 1275191, at *2 (M.D. Tenn. Mar. 19, 2015)

("The Plaintiff's Section 1983 claims for monetary damages against the individual Defendants in

their official capacities. . . and against the Tennessee Department of Corrections are barred by the

Eleventh Amendment").

What is not so clear, however, is whether Plaintiffs can ultimately prove their individual

capacity claims against Defendants Schofield and Parker and their request for injunctive relief.

"Under the doctrine developed in Ex parte Young and its progeny, a suit that claims that a state

official's actions violate the constitution or federal law is not deemed a suit against the state, and

so barred by sovereign immunity, so long as the state official is the named defendant and the relief

sought is only equitable and prospective." Westside Mothers v. Haveman, 289 F.3d 852, 860-61

(6th Cir. 2002).

In recommending all claims against Defendants Schofield and Parker be dismissed, the

Magistrate Judge wrote:

> . . . Plaintiffs have failed to allege that individual TDOC Defendants Schofield or
> Parker have been either personally involved in, or personally authorized, approved,

or acquiesced in the allegedly violative conduct of which Plaintiffs complain. Rather, the entirety of Plaintiffs' allegations against Defendants Schofield and Parker involve the fact that they hold senior TDOC positions and, as part of their jobs, implemented a TDOC policy. As noted, Defendants Schofield and Parker cannot be held liable simply due to their supervisory positions. Plaintiffs' lack of allegations that Defendants Schofield and Parker were personally involved in, authorized, approved, or acquiesced in the allegedly unconstitutional conduct is fatal to their claim. Accordingly, the individual capacity claims against the individual TDOC Defendants should be dismissed.

(Docket No. 119 at 24). In the Court's opinion, this reads the Complaint too narrowly.

No doubt, and as the Magistrate Judge pointed out, Section 1983 does not provide for the imposition of liability based upon a theory of *respondeat superior*; rather, "'proof of personal involvement is required for a supervisor to incur personal liability.'" Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). But it does allow for liability where a defendant authorizes, approves, or acquiesces in activity that results in a constitutional deprivation. Id.; see Flagg v. City of Detroit, 715 F.3d 165, 174 (6th Cir. 2013) ("When suing an individual actor . . . for constitutional violations under § 1983, plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging . . . , if not carrying it out himself."). Indeed, "'an influential recommender can be liable under § 1983 without being the final decisionmaker, if the recommendations are shown to be sufficiently influential.'" Stinebaugh v. City of Wapakoneta, 2015 WL 7003757, at *8 (6th Cir. Nov. 10, 2015) (quoting Ward v. Athens City Bd. of Educ., 1999 WL 623730, at *8 (6th Cir. Aug. 11, 1999)).

Part of the allegations here are, as the Magistrate Judge noted, not only that Defendants Schofield and Parker held "senior TDOC positions," but also that "as part of their jobs, [they] implemented [] TDOC policy." (Docket No.119 at 24). One of the policies about which Plaintiffs complain is the removal of "hotpots" from inmates' cells and in support they attached a directive

apparently authored by Assistant Commissioner Parker which, at least facially, suggests he may be

responsible for the policy.  Arguably, as Defendants Schofield and Parker assert, Plaintiffs had an

adequate and available post-deprivation remedy within the meaning of  Parratt v. Taylor, 451 U.S.

527 (1981), but this was not addressed in the R & R.  Moreover, Plaintiffs also complain about such

things as lockdowns, which have allegedly resulted in significantly decreased recreation time, and

inoperable locking mechanisms that affect security, among other things.  Such allegations suggest

more than an attempt to hold Defendants Schofield and Parker liable merely as supervisors of errant

employees; they suggest policies.

This is not to say that Plaintiffs can prevail on any of their claims, some of which, the Court

concedes, are conclusory.  It could be, for example, that the things they suggest are policies are not

in fact policies, or that, even if they are policies, application of the policies did not result in a

constitutional deprivation.  It could also be that some or all of the claims fail on the merits.

It is to say, however, that "'[p]ro se plaintiffs enjoy the benefit of a liberal construction of

their pleadings and filings,'" El Bey v. Roop, 530 F.3d 407, 413 (6th Cir. 2008) (citation omitted),

Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is

entitled to relief," and "when ruling on a defendant's motion to dismiss, a judge must accept as true

all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 93-94

(2007).  Under these standards, the Court believes, dismissal of the claims for injunctive relief

against Defendants Schofield and Parker on the grounds that Section 1983 imposes no *respondeat

superior* liability sweeps to broadly.


**B.  Claims Against Correctional Corporation of America Defendants**

Corrections Corporation of America ("CCA") is a private company that contracts to run prisons and, as such, acts "under state law" for purposes of Section 1983 when "performing the 'traditional state function' of operating a prison." Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996). However, unlike the state, it is not entitled to Eleventh Amendment immunity, and "may be liable under § 1983, "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 F. App'x 338, 341 (6th Cir. 2014); see also, Mason v. Doe, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). It "cannot be held liable on a respondeat superior theory." Johnson v. Karnes, 398 F.3d 868, 877 (6th Cir. 2005).

Even though CCA filed only a "Partial Motion to Dismiss," the Magistrate Judge recommends that the claims against the CCA Defendants be dismissed in their entirety, including all claims against CCA, its president and CEO Damon Hininger, Warden Arvil Chapman, and Librarian Wanda Spears. In doing so, the R & R states that "Plaintiffs do not allege that any particular CCA policy, practice or custom violated their rights," and that, as a consequence, the claims against the individual CCA Defendants in their official capacity are subject to dismissal because they "stand in the shoes of CCA." (Docket No. 119 at 25). As for the claims against the CCA Defendants in their individual capacity, the Magistrate judge recommends dismissal because there is no *respondeat superior* liability.

The Court agrees with the recommended disposition as to the individual CCA Defendants in their official capacity because "individuals sued in their official capacities" do, in fact, "stand in the shoes of the entity they represent," Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003), and an

5

official capacity suit "represent[s] only another way of pleading an action against an entity of which

an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55, (1978). Because

CCA remains a Defendant (unlike TDOC), the official capacity claims are "redundant and therefore

unnecessary." Malone v. Corr. Corp. of Am., 2013 WL 6498067, at *7 (M.D. Tenn. Dec. 11, 2013);

see also, Epperson v. City of Humboldt, 2015 WL 6440740, at *4 (W.D. Tenn. Oct. 21, 2015)

("When, as here, the entity is a named defendant, official capacity claims against individual sheriffs

and police officers are 'redundant' and 'superfluous.'"); Shepherd v. Floyd Cty., 2015 WL 5315730,

at *1 (E.D. Ky. Sept. 10, 2015) ("Section 1983 claims may be dismissed against government entity

employees as redundant when the plaintiff also sues the government entity").

The Court also agrees that the individual capacity claims against the CCA Defendants fall

short because there are insufficient allegations that they personally were involved in a constitutional

deprivation. The Complaint emphasizes the CCA Defendants' titles and positions and even

Plaintiffs' objections make clear that their claims are based upon DOC or CCA policies, not the

respective actions of the individual CCA Defendants:

> As the claims raised in the Plaintiff(s)' Original Complaint revolve around constitutional violations perpetrated by policies and procedures enacted by authoritative figures, it was necessary for the Plaintiff(s) to address their claims against those in power to enforce those policies and procedures. The Plaintiff(s) clearly argue that the claimed violations are due to policies and procedures enacted and enforced by men and women who occupy authoritative positions within the corrections chain of command, thus they were personally involved.

Docket No. 125 at 2).

Precisely because Plaintiffs' claims are grounded on alleged policies, however, the Court

disagrees with the recommended dismissal of CCA as a Defendant. As already noted, a private

entity performing state functions can be liable for constitutional deprivations based on its own

6

policies. In allowing the claims to go forward against CCA, the Court reiterates that what Plaintiffs claim are policies may not be policies and may not have resulted in a deprivation of a constitutional right. And it may also be that the policies about which they complain are DOC policies and not those of the CCA. But these are matters that can be sorted out later. For now, the Court concludes that dismissal as to CCA is premature.

The Court recognizes Defendants' argument that Plaintiffs did not directly address CCA in their objections. They did, however, object generally to the recommended dismissal of all Defendants, and repeatedly reference alleged policies that are in place at the privately run prison facility in which they are housed. Further, while Rule 72 states that "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), this Court local rule can be read a bit broader by providing that "[t]he District Judge shall make a *de novo* determination of the matter, L.R. 72.03(b)(3).

The Court also notes that the CCA Defendants in their Motion for Partial Dismissal also raised arguments regarding the substantive merits of most of Plaintiffs' claim. Those arguments were not addressed in the R & R and are for the Magistrate Judge to consider in the first instance. This is something perhaps best done in the context of a motion for summary judgment where all of Plaintiffs' claims can be considered at one time.

## C. **Claims Against Clinical Services Defendant**

The Magistrate Judge recommends that any claim against Defendant Clinical Services be dismissed for failure to state a claim. The Court agrees with that recommendation.

Defendant Clinical Services was substituted as a party for Centurion Medical Services. The only substantive allegation against Centurion could hardly be more conclsuory. All Plaintiffs allege

is that "Centurion Medical Provider is responsible for the inability of the inmate population of SCCF to access not only proper and appropriate medical care but also for the lack of correct medication being handed out to those inmates." (Complaint ¶ 60). This is far short of "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The fact that Plaintiffs argue in their Objections that they have been unable to have complete the service packet as to Defendant Centurion does not detract from the fact that the claim advanced is insufficient as a matter of law.

**D. Conclusion**

In light of the foregoing, the Court rules as follows:

(1) With respect to the Motion to Dismiss filed on behalf of the State Defendant (Docket No. 111) the R & R (Docket No. 119) is ACCEPTED insofar as it recommends dismissal of the claims against TDOC and the claims for money damages against Defendants Schofield and Parker in their official capacity. Those claims are hereby DISMISSED.

(2) With respect to the Partial Motion to Dismiss filed on behalf of the CCA Defendants (Docket No. 83), the R & R (Docket No. 119) is ACCEPTED insofar as it recommends dismissal of the claims against Defendants Chapman, Spears, and Hininger, and those claims are hereby DISMISSED;

(3) The claims against Defendant Clinical Services (which was sued as Centurion Medical Services) are hereby DISMISSED; and

(4) The Clerk shall term the following as pending; (a) the R & R (Docket No. 119); (b) the Motions to Dismiss (Docket Nos. 83 and 111); and (c) Plaintiff's Objections (Docket No.125).

This matter is hereby returned to the Magistrate Judge for further pretrial case management

and a Report and Recommendation on any further dispositive motions.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE